## Revere Rubber Co. v. A. E. Reinhardt.

1.  EVIDENCE—*As to Identity of Two Companies.*—The statement of an agent of a concern that it is identical with another is not sufficient evidence to sustain a judgment.

Assumpsit, for wages.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1899.   Reversed and remanded.   Opinion filed April 4, 1900.

MORSE, IVES & TONE, attorneys for appellant.

W. R. HAUZE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee sued to recover under a written contract, which purports to have been made, and is signed, not by appellant, but by the "New York Tire Company." The agreement was dated April 26, 1897, and by its terms was to begin May 1st and continue "for the present year." In June following, appellee received a letter signed "New York Tire Company, per F. N. White," in which she was informed that the writer would be "unable to further continue the arrangement which was made with you." The letter contained a draft for balance due to that date to appellee under the contract, and a blank receipt therefor to the "Revere Rubber Company." Upon receipt of this letter appellee consulted a lawyer in New York, and was advised not to discuss the matter with appellant, but to go on doing the work and to report. Several reports were accordingly sent in thereafter, not to appellant nor to the tire company, but to one Wood, an alleged agent or employe by whom the original contract with appellee was made.

The evidence by which it is sought to connect appellant with the contract, is the testimony of appellee that one White referred her to this Mr. Wood, who wrote the signature "New York Tire Company" to the contract of employ-

ment; that said White was "manager of the tire department of the Revere Rubber Company;" that the following conversation occurred between appellee and Wood: "Now, suppose this company should fail and I won't get anything out of it;" and Mr. Wood said, "You will be working for the Revere Rubber Company;" that the offices occupied by the rubber company and the tire company were the same, and that the names of both companies appear on the letter-head used by the tire company. There is no evidence that White or Wood had authority to act for appellant. The contract of employment as well as the letter of discharge are signed by the New York Tire Company, and while the latter purports to have been signed in the name of the tire company by White, and contained a blank form of receipt to appellant, such receipt was not competent evidence against appellant in the absence of proof of knowledge that the form was so used.

It may be true, as stated by appellee's counsel, that the names New York Tire Company and Revere Rubber Company represent what is practically one and the same institution. But there is no evidence competent to so prove; and without such evidence we can find no sufficient ground to sustain a judgment against appellant for alleged breach of a contract which was apparently made and terminated by another concern. In view of this conclusion it is unnecessary to consider the points raised as to instructions and measure of damages.

The judgment of the Circuit Court must be reversed and the cause remanded.